

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADRIAN DEVONE PHILLIPS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-563-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Adrian Devone Phillips, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice against Lorie Davis, director of that division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On July 22, 2016, a jury in Tarrant County, Texas, Case No. 1416255D, found petitioner guilty of burglary of a habitation with a deadly weapon and the trial court assessed his punishment at 35 years' confinement. (Clerk's R. 174, doc. 9-11.) 27, 37.) Petitioner appealed his conviction, but the appellate court affirmed the trial court's judgment and, although he was granted

an extended time up to and including November 27, 2017, to file a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals, he did not do so. (Resp't's Preliminary Answer, Ex. A, doc. 10-1; Mem. Op. 11, doc. 9-3.) On August 20, 2018, petitioner filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on March 6, 2019, without written order on the findings of the trial court.[1] (SHR[2] 29 & Action Taken, docs. 9-20 & 9-18, respectively.) This federal habeas petition challenging his state conviction was filed on July 13, 2019, wherein he raises six grounds for relief.[3] (Pet. 4-8, 15, doc. 1.) Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. (Resp't's Preliminary Answer 4-8, doc. 10.)

## II.  Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas

---

[1] Typically, a pro se prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not however provide that information; thus, the application is deemed filed on the date it was signed by petitioner.

[2] "SHR" refers to the record of petitioner's state habeas proceeding in WR-89,544-01.

[3] Likewise, a pro se prisoner's federal habeas petition is typically deemed filed when placed in the prison mailing system. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's petition does not however provide that information; thus, the petition is deemed filed on the date it was signed by petitioner.

corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. An extension of time to file a PDR extends the time for seeking further direct review and delays the finality of the judgment under subsection (A) until the

3

expiration of the deadline for filing the PDR. *See Brown v. Thaler,* 455 Fed. App'x 401, 2011 WL 6156883, at *1 (5th Cir. Dec. 12, 2011). Thus, petitioner's conviction became final upon expiration of the time that he had for filing a PDR in the Texas Court of Criminal Appeals on November 27, 2017. Accordingly, limitations commenced the next day and expired one year later on November 27, 2018. Consequently, petitioner's petition filed on July 13, 2019, is untimely absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, pending from August 20, 2018, through March 6, 2019, operated to toll the limitations period under the statutory-tolling provision for 199 days, making his petition due on or before June 14, 2019. Therefore, Petitioner's federal petition, filed on July 13, 2019, remains untimely unless he can demonstrate that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). The petitioner bears the burden to establish that equitable

4

tolling is warranted. *See Holland*, 560 U.S. at 649. Petitioner makes no such showing. He provides no explanation for his delay and the record reveals none. Nor does he allege, much less present new reliable evidence, that he is actually innocent of the offense for which he stands convicted.

Accordingly, petitioner's federal petition was due on June 14, 2019. His petition, filed on July 13, 2019, is therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED April __29__, 2020.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE